IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Select Snacks, Inc., *et al.*,[1] | ) | Case No. 07-18769 |
| | ) | (Jointly Administered) |
| | ) | |
| <u>    Debtors and Debtors in Possession.    </u> | ) | Honorable Pamela S. Hollis |

**FINAL ORDER PURSUANT TO SECTION 366 OF THE BANKRUPTCY
CODE (I) PROHIBITING UTILITIES FROM ALTERING,
REFUSING OR DISCONTINUING SERVICES TO, OR DISCRIMINATING AGAINST,
THE DEBTORS ON ACCOUNT OF PREPETITION AMOUNTS DUE; (II)
DETERMINING THAT UTILITIES ARE ADEQUATELY ASSURED OF FUTURE
PAYMENT; (III) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS
<u>FOR ADDITIONAL ASSURANCE; AND (IV) GRANTING CERTAIN RELATED RELIEF</u>**

Upon consideration of the motion (the "<u>Motion</u>"[2]) of the debtors and debtors-in-possession in the above-captioned cases (the "<u>Debtors</u>"), seeking entry of an order pursuant to section 366 of the Bankruptcy Code (I) prohibiting utilities from altering, refusing or discontinuing services to, or discriminating against, the debtors on account of prepetition amounts due; (II) determining that the utilities are adequately assured of future payment; (III) establishing procedures for determining requests for additional assurance; and (IV) granting related relief; the Court having reviewed the Motion and the Affidavit of Gareth Asten, Chief Financial Officer of the Debtors (the "<u>Asten Affidavit</u>"), in support of the Debtors' first day motions; the Court having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing thereon; the Court having entered its Order granting the Motion on an interim basis on _____ __, 2007 (Docket No. __) the ("<u>Prior Order</u>"); and the Court having found that: (a) the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28

---

[1] The Debtors are the following entities: Jays Foods, Inc. ("<u>Jays</u>") and Select Snacks, Inc. ("<u>Select</u>").
[2] Each capitalized term not otherwise defined herein shall have the meaning ascribed thereto in the Motion.

U.S.C. § 157(b), (c) venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and (d) notice of the Motion and the hearings thereon were sufficient under the circumstances and that no further notice need be provided and; it appearing that the relief requested in the Motion is in the best interest of the Debtors, their estates, and their creditors; and the Court having determined that the legal and factual bases set forth in the Motion and adduced at the hearing thereon establish good and sufficient cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein. Except as otherwise provided herein, the Prior Order is amended and superseded in its entirety by this Order.

2. All objections to the Motion or the relief requested therein that have not been made, withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and disallowed on the merits.

3. Notice of the Motion was proper, timely, adequate and sufficient under the particular circumstances.

4. Subject to the procedures described below and the terms of any adequate assurance agreements between the Debtors and any Utility Companies, no Utility Company may (a) alter, refuse, terminate or discontinue utility services to, and/or discriminate against, the Debtors on the basis of the commencement of these chapter 11 cases or on account of outstanding prepetition amounts due or (b) require additional assurance of payment, other than the Proposed Adequate Assurance, as a condition to the Debtors receiving such utility services.

5. A Utility Company shall be entitled to an Adequate Assurance Deposit in the amount set forth on <u>Exhibit A</u> to the Motion (a true and accurate copy of which is attached hereto), and the Debtors are hereby authorized to pay such Adequate Assurance Deposit (to they extent they have not) to such Utility Company (at the discretion of the Debtors) without further order of the Court, <u>provided</u> <u>that</u>: (a) such Utility Company requests such prepayment in writing no later than 30 days after the Petition Date (the "<u>Request Deadline</u>"); (b) such requesting Utility Company does not already hold a deposit equal to or greater than the Adequate Assurance Deposit (which existing deposit otherwise shall be deemed to be the Adequate Assurance Deposit and no such further assurances are necessary); and (c) such requesting Utility Company is not currently paid in advance for its services.

6. A request by a Utility Company for, and acceptance of, an Adequate Assurance Deposit shall be deemed an acknowledgement and admission from the Utility Company that the Adequate Assurance Deposit is the form of adequate assurance that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code. Any Adequate Assurance Deposit requested by, and provided to, any Utility Company pursuant to the procedures described herein shall be returned to the Debtors at the conclusion of these chapter 11 cases, if not returned or applied earlier.

7. Any Utility Company that does not request an Adequate Assurance Deposit by the Request Deadline and does not file an Objection to opt out of the Adequate Assurance Procedures (as described below) shall be deemed to have adequate assurance that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code.

8. The following Adequate Assurance Procedures are approved in all respects and the Debtors are directed to act in accordance therewith:

a. Any Utility Company desiring assurance of future payment for utility service beyond the Proposed Adequate Assurance must serve a request (an "Additional Assurance Request") so that it is received by the Debtors by the Request Deadline at the following addresses: (i) c/o Ubiquity Brands, LLC, 10 South Wacker Drive, Suite 3450, Chicago, IL 60606, Attn: Gareth Asten; and (ii) Winston & Strawn LLP, 35 West Wacker Drive, Chicago, IL 60601, Attn:  Mark K. Thomas, Esq.

b. Any Additional Assurance Request must: (i) be made in writing; (ii) set forth the location(s) for which utility services are provided and the relevant account number(s); (iii) describe any deposits, prepayments or other security currently held by the requesting Utility Company; (iv) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (v) set forth the form and amount (if applicable) of additional adequate assurance requested.

c. Upon the Debtors' receipt of an Additional Assurance Request at the addresses set forth above, the Debtors shall have the greater of (i) 14 days from the receipt of such Additional Assurance Request or (ii) 30 days from the Petition Date (collectively, the "Resolution Period") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request.  The Resolution Period may be extended by agreement of the Debtors and the applicable Utility Company.

d. The Debtors, in their discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in their discretion, provide the requesting Utility Company with additional adequate assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtors believe such additional assurance is reasonable.

e. If the Debtors determine that an Additional Assurance Request is not reasonable, and are not able to resolve such request during the Resolution Period, the Debtors, during or immediately after the Resolution Period (as the same be extended by agreement of the Debtors and the Utility Company in question), will request a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "Determination Hearing"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

f. Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering or refusing service to the Debtors

        on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

    g.    Other than through the Opt-Out Procedures, any Utility Company that does not comply with the Adequate Assurance Procedures set forth herein is deemed to have adequate assurance that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code, and is forbidden from discontinuing, altering or refusing service on account of any unpaid prepetition charges, or requiring additional assurance of payment (other than the Proposed Adequate Assurance). This Order shall be deemed the Final Order with respect to all Utility Companies that do not timely file and serve an Objection (as defined herein).

9. The Opt-Out Procedures described in the Prior Order are approved in all respects. Any Utility Company that did not timely file an Objection is deemed to consent to, and shall be bound by, the Adequate Assurance Procedures.

10. A Utility Company shall be deemed to have adequate assurance of payment under section 366 of the Bankruptcy Code under this Order without any further action unless and until: (a) the Debtors, in their discretion, agree to (i) an Adequate Assurance Request or (ii) an alternative assurance of payment with the Utility Company during the Resolution Period; or (b) this Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

11. The Debtors are authorized, in their sole discretion, to amend the Service List to add or delete any Utility Company, and this Order shall apply to any such Utility Company o that is subsequently added to the Service List. Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or a utility under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Service List.

12. The Debtors shall serve a copy of this Order on each Utility Company listed on the Service List within two business days of the date this Order is entered, and shall also serve

this Order on each Utility Company subsequently added to the Service List by the Debtors or as a result of the Provider Request Procedures.

13. The terms of this Order shall be effective and enforceable immediately upon its entry.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October ___, 2007

                                                        _____
                                                        UNITED STATES BANKRUPTCY JUDGE

**CHI:1986728.2**

**List of Utilities and Proposed Adequate Assurance**

| UTILITY | ADDRESS | CITY, STATE, ZIP | ACCOUNT NUMBER | ADEQUATE ASSURANCE PREPAYMENT |
|---|---|---|---|---|
| Alliant Energy | 4902 North Biltmore Lane | Madison, WI 53707-1007 | 575865003 | 175.00 |
| AT&T | P.O. Box 660688 | Dallas, TX 75266-0688 | 92046771002671 | 5,561.16 |
| AT&T | P.O. Box 8102 | Aurora, IL 60507-8102 | 92033722636796 | |
| AT&T | P.O. Box 8100 | Aurora, IL 60507-8100 | 77373133210917 | |
| AT&T - All Other Account Numbers | 92092396449289; 92038836628576; 039t3804921955; 60822188612998; 70859666887915; 70859646004359; 70859631504512; 708z3800289696; 60387194546163; 773z9900725703; 77328353231712; 84764790379274; 84758118187693; 81563611106020; 84745846117085; 26226813352744; 6307832326215; 26278364248542; 1717842584686; 309t3804921955; 61645262331102; 7737618407 | | | |
| AT&T Internet Services | P.O. Box 650396 | Dallas, TX 75266-0396 | 82952029 | 675.00 |
| AT&T Universal Biller | P.O. Box 830019 | Baltimore, MD 21283-0019 | 800025086549 | 836.00 |
| Avaya | P.O. Box 93000 | Chicago, IL 60673-3001 | 0102046533; | 161.41 |
| City of Chicago Dept of Water | P.O. Box 6330 | Chicago, IL 60680-6330 | 758948575854-758948575855-758948575856-758948575857 | 19,218.00 |
| City of Fondulac Water Utility | 160 S. Macy Street | Fondulac, WI 54936-0150 | 1191730310 | 65.00 |
| Commonwealth Edison | Bill Payment Center | Chicago, IL 60668-0001 | Under Weiss Rent | 500.00 |
| Commonwealth Edison | | | 3555062017; 0231227012; 0947285065; 4371004058; 0972403017 | 61,320.00 |
| Constellation New Energy Blackhawk | N21 W23340 Ridgeview Parkway | Waukesha, WI 53187-2226 | JF01; 9709602003 | 182,200.00 |
| Globalcom | | | 10009311 | 8,850.89 |
| Homewood Disposal | 1501 W. 175th Street | Homewood, IL 60430 | 1001115228 | 790.00 |
| Kankakee Valley | 8642 W US Highway 30, Box 157 | Wanatah, IN 46390 | 3437001 | 250.00 |
| Madison Gas & Electric | P.O. Box 1231 | Madison, WI 53701-1231 | 20570123 | 550.00 |
| MWRD | Acct. 26098 | Chicago, IL 60693 | user # 26098 | 29,000.00 |
| New Edge Networks | 3000 Columbia House Blvd., Suite 106 | Vancouver, WA 98661-2969 | 00015700; 00015807 | 242.60 |
| Nicor | 1844 Ferry Road | Naperville, IL 60563-9600 | 2046637005; 69010118094; 15732926207; 81933848251; 86730701959 | 2,000.00 |
| Nipsco | 801 E. 86th Ave. | Merrillville, IN 46410 | 2528940092 | 200.00 |
| North Park Public Water District | 1350 Turret Drive | Machesney Park, Illinois 61115 | 99993785 | 15.00 |
| Peoples Energy | 130 E Randolph St # 24th | Chicago IL 60601 | 9500043427837; 9500041312635 | 3,030.00 |
| Ray Ruprecht Transport | N5067 Highway 26 | Jefferson, WI 53549 | no account number | 8,000.00 |
| Rock River Water Reclamation District | Acct. 0651254PR | Rockford, IL 61125-1207 | 0651254PR | 3.00 |
| Sprint | 4717 Grand Ave | Kansas City, MO 64112 | 923703161 | 1,582.49 |

**EXHIBIT A**

**List of Utilities and Proposed Adequate Assurance**

| | | | | |
|---|---|---|---|---|
| T Mobile | 367 S County Center Way # A | St Louis, MO 63129 | 494443635 | 5,879.74 |
| Time Warner Cable | 1511 S 108th St | Milwaukee, WI 53214 | 070808301 | 110.72 |
| Veolia Enviromental | P.O. Box 6484 | Carol Stream, IL 60197-6484 | A10108901; C10327118; T60500064; | 692.50 |
| Verizon | P.O. Box 25505 | Lehigh Valley, PA 18002-5505 | 3810421200001 | 387.98 |
| Verizon | P.O. Box 650457 | Dallas, TX 75265-0457 | 3810421200001 | 122.89 |
| Verizon North | P.O. Box 9688 | Mission, CA 91346-9688 | 2628894378040300 | 275.00 |
| Village of Hobart | 2990 S. Pine Tree Rd. | Oneida, WI 54155 | 0637 | 95.00 |
| Village of Silver Lake | 113 S. First Street | Silver Lake, WI 53170 | 000173240000 | 189.00 |
| Village of So Holland | 16226 Wausau Avenue | South Holland, IL 60473 | 0210135000 | 25.00 |
| Waste Management | 4600 N. Port Washington Rd. | Milwaukee, WI 53212 | 180015669720086 | 772.00 |
| Waste Management | P.O. Box 4648 | Carol Stream, IL 60194-4648 | 102007104020115; 477007453422755; 055000231520552; 100002679322806; 101000212617963; 151819192720095; 415819831220093 | 5,426.00 |
| Wisconsin Electric Power | P.O. Box 2089 | Milwaukee, WI 53201-2089 | 0422975808; 2063861336; 4232502335 | 3,400.00 |
| Wisconsin Public Service | 700 N Adams St | Green Bay, WI 54307 | 040506163700002 | 660.00 |
| | | | | |
| **AVERAGE MONTHLY UTILITIES OBLIGATIONS TOTAL** | | | | **343,261.38** |