# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Select Snacks, Inc., *et al.*,[1] | ) | Case No. 07-18769 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors and Debtors in Possession. | ) | Honorable Pamela S. Hollis |

## ORDER DISMISSING CHAPTER 11 CASES
## AND AUTHORIZING FINAL DISTRIBUTIONS OF ASSETS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (together, the "Debtors") seeking entry of an order, among other things: (a) dismissing the above-captioned chapter 11 cases (the "Chapter 11 Cases") and (b) modifying the default provisions of section 349 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") to preserve the force and effect of all orders entered during the Chapter 11 Cases; the Court being fully advised in the premises and having jurisdiction over this core proceeding;

**IT IS HEREBY FOUND AND DETERMINED THAT,**

A.     Cause exists to dismiss the Chapter 11 Cases. The Debtors and the Estates have no assets remaining to be liquidated. The facts and history of the Chapter 11 Cases indicate that: (i) if the Chapter 11 Cases are not dismissed, then the Debtors' Estates will incur losses and diminish in value; and (ii) there is no reasonable likelihood that the Debtors will be rehabilitated.

B.     A liquidating or other chapter 11 plan would delay the distribution of any remaining assets of the Estates to the Debtors' creditors, as proposed by the Debtors. Moreover, the costs of drafting, soliciting acceptances to and attempting to confirm a chapter 11 plan would

---

[1] The Debtors are the following entities: Jays Foods, Inc. ("Jays") and Select Snacks, Inc. ("Select").
[2] Each capitalized term used but not defined herein shall have the meaning ascribed thereto in the Motion.

CHI:2023822.3

diminish and perhaps prevent any distribution of Estate assets to the Debtors' creditors.

    C.    Conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code would serve no purpose.

    D.    Dismissing the Chapter 11 Cases is in the best interests of the Debtors and their creditors.

    E.    Cause exists to modify the effects of section 349 of the Bankruptcy Code, as set forth in the Motion and herein.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT,**

1. The Motion is granted in its entirety.

2. Notice of the Motion and the hearing on the Motion was sufficient under the circumstances.

3. The Debtors are authorized to distribute all remaining assets of their chapter 11 Estates as follows:

> *First,* to the Office of the United States Trustee for fourth quarter Trustee Fees and to holders of unpaid administrative expenses (including all fees and expenses allowed pursuant to orders entered on fee applications), claims for which were timely filed or otherwise allowed under section 503 of the Bankruptcy Code as of the date of entry of this Order, until all such expenses are satisfied;
>
> *Second,* to LaSalle on account of its allowed prepetition secured claim(s), until all such claims are satisfied; and
>
> *Third,* to all remaining holders of allowed claims against the Debtors' chapter 11 Estates in strict accordance with the priority set forth in section 507 of the Bankruptcy Code.

4. The Chapter 11 Cases are dismissed effective as of _____. The Debtors are authorized and directed to distribute assets of the Estates in accordance with paragraph 3 of this Order prior to and after dismissal of the Chapter 11 Cases.

CHI:2023822.3

5. All orders entered in the Chapter 11 Cases, including this Order, prior to the date of dismissal shall remain in full force and effect for purposes of *res judicata* and otherwise, notwithstanding section 349 of the Bankruptcy Code.

6. No reinstatement or revesting of assets of the Debtors or the Estates under section 349 of the Bankruptcy Code shall occur upon the effective date of the dismissal of the Chapter 11 Cases.

7. Notwithstanding entry of this Order, all stipulations, settlements, rulings, orders, and judgments of this Court made during the course of the Chapter 11 Cases remain in full force and effect, are unaffected by the dismissal of the Chapter 11 Cases, and are specifically preserved for purposes of finality of judgment and *res judicata*.

8. Any and all motions, notices, objections, responses, adversary proceedings, contested matters or other pleadings or filings made during the course of the Chapter 11 Cases that have not been decided prior to the date hereof are denied, dismissed and/or overruled with prejudice.

9. The Court retains authority to hear and determine all matters arising under or related to this Order.

Dated: December __, 2008

                        ENTERED: _____
                                     **UNITED STATES BANKRUPTCY JUDGE**

CHI:2023822.3